# In the United States Court of Federal Claims

## No. 24-24C
### Filed: April 22, 2024

```
* * * * * * * * * * * * * * * * *
                                  *
  DAVENELL L. ASH,                *
                                  *
                 Plaintiff,       *
                                  *
  v.                              *
                                  *
  UNITED STATES,                  *
                                  *
                 Defendant.       *
                                  *
                                  *
* * * * * * * * * * * * * * * * *
```

**Davenell L. Ash,** <u>pro se</u>, Duluth, MN.

**Matthew J. Carhart,** Trial Attorney, Commercial Litigation Branch, Civil Division United States Department of Justice, Washington DC, for defendant. With him were **Douglas K. Mickle**. Assistant Director, **Patricia M. McCarthy**, Director, Commercial Litigation Branch, and **Brian M. Baynton**, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, DC.

## O P I N I O N

<u>**HORN, J.**</u>

On January 5, 2024, <u>pro se</u> plaintiff Davenell L. Ash filed a complaint in the United States Court of Federal Claims. In response to plaintiff's complaint, the defendant filed a motion to dismiss pursuant to Rule 12(b)(1) (2023) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction .

## FINDINGS OF FACT

Plaintiff's complaint begins: "Pro Se Davenell L Ash is a African American small business owner operating a multi cultural beauty supply in the Duluth/Superior area for 12 years before being placed on a terrorist watchlist by the FBI [Federal Bureau of

Investigation] whom maintains the terrorist screening database." (alteration added).[1]
Plaintiff alleges in her complaint:

> The police dept and FBI then secured a FISA [Foreign Intelligence
> Surveillance Act] agreement for 24/7, 365 days a year invasive electronic
> surveillance which forced her into a public harassment torture program
> hosting interactive audio, livestream viewing technology and electrical
> harassment being illegally placed in her home, vehicles and business for
> profit under color of law.

(alteration added). Plaintiff further contends that she was added to a "social engineering
network" which opened her up to various forms of online attacks, harassment, torture,
and unlawful surveillance. Plaintiff asserts that due to these attacks she has been
designated as a "threat to society" and consequently subjected to a plethora of harms.
Plaintiff's list of alleged harms includes public harm, medical harm, vehicle tampering,
illegal home and business entry, home invasions, food and product adulteration,
communication hacking of all forms, stalking, assaults, exploitation, human trafficking,
involuntary servitude, malicious prosecution, entrapment, cruel and unusual punishment,
false incarceration, theft, illegal arrests, searches and seizures under the color of law.
Plaintiff further asserts that under this "inhumane harassment program," she has been
the target of "[l]ibel, slander and defamation." (alteration added). Plaintiff alleges that all
her communication methods and social media accounts have been hacked, her identity
stolen, and resolution of her claims has been continuously prohibited in a collaborative
effort from the named entities to cause "intentional irreparable harm and wrongful death."

Plaintiff appears to seek damages for unjust conviction and imprisonment pursuant
to 28 U.S.C. § 1495 (2018). Plaintiff claims the United States violated 18 U.S.C. § 241
(2018) and 18 U.S.C. § 242 (2018), which constitutes conspiracy against rights and
deprivation of rights under color of law. Additionally, plaintiff alleges violation of 42 U.S.C.
§ 1983 (2018), and violations of plaintiff's rights under the Second, Fourth, Sixth, Eighth,
Thirteenth, and Fourteenth amendments to the United States Constitution. Plaintiff
requests $1,000,000.00 in "compensatory, punitive damages" for the intentional harm
caused by the FBI, Superior/Duluth police department, and National Security Agency
(NSA)/FISA court. Plaintiff also requests that both her name and her daughter's name be
removed from a watchlist allegedly "held by the FBI, NSA/FISA court, and the
Superior/Duluth police depts." Plaintiff also requests that she receive relocation
assistance, coverage of all medical bills past, present, and future, and removal of
surveillance technology from her home, business assets, and vehicles.

Plaintiff has attached to her complaint a large number of exhibits, including a
"Claim for Damage, Injury, Or Death" form, a Denial of Administrative Tort Claim from the
Federal Bureau of Investigation, and a selective list of claims the plaintiff has filed in

---

[1] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of
words when quoted in this Opinion are as they originally appear in plaintiff's submissions
to this court.

various other courts. Plaintiff also has included a series of printouts from the internet of unclear relevance to the case which has been filed in this court, as well as what plaintiff claims is an image depicting an illegal implant in a tooth socket.

This complaint is not the first-time plaintiff has brought claims stemming from the same allegations she included in the case currently before this court. Plaintiff has filed at least ten actions prior to this present claim, dating back to 2017, in multiple different courts.[2] Regarding the closed cases which were previously dismissed in the respective courts in which they were brought, the plaintiff alleges these outcomes were due to

_____

[2] A docket search for the plaintiff's previously filed actions reveals a various cases filed by plaintiff. See Ash v. Law Enforcement Agencies, et al., No. 23-cv-2860, 2024 WL 1118777, at *4 (D. Minn. March 14, 2024) (explaining that the "[c]omplaint is deficient with respect to its attempts to state any federal law claims against any Defendant based on Ash's allegations of a conspiracy to cause her harm," and therefore "[t]he Complaint is dismissed without prejudice, based on lack of jurisdiction, to the extent it presents any state-law claims.") (alterations added); see also Ash v. Duluth Police Dep't, et al., No. 24-cv-11, 2024 WL 947638 (D. Minn. Feb. 22) (dismissing complaint because "the Court concludes that the proposed civil action lacks an arguable basis either in fact or in law and therefore is frivolous"), appeal filed (8th Cir. Mar. 5, 2024); Ash v. Duluth Police Dep't, et al., No. 24-cv-7 (D. Minn. Jan. 31, 2024) (dismissing complaint, because "[u]pon review, the Court concludes that the proposed civil action lacks an arguable basis either in fact or in law and therefore is frivolous" (alteration added)); Ash v. Minnesota, No. 23-cv-891 (D. Minn. May 11, 2023) (restricting plaintiff from filing a case in the District of Minnesota unless represented by counsel or advance authorization from a judicial officer); Ash v. Minnesota, No. 23-cv-295 (D. Minn. Feb. 6, 2023) (dismissing plaintiff's federal and state-law claims with prejudice, denying plaintiff's in forma pauperis proceeding request and her motion to provide extraordinary relief as moot); Ash v. Superior Police Dep't, Nos. 22-cv-512, 22-cv-659, 2022 WL 17403117, at *2 (W.D. Wis. Dec. 2, 2022) (dismissing claim with prejudice for failure to state a claim upon which relief can be granted), appeal dismissed, No. 22-3214, 2023 WL 4056220 (7th Cir. Apr. 20, 2023); Ash v. Minnesota, No. 22-cv-2479, 2022 WL 17225717, at *2 (D. Minn. Oct. 19, 2022) (dismissing plaintiff's federal claims with prejudice, dismissing plaintiff's state claims without prejudice, and denying plaintiff's in forma pauperis application), aff'd, No. 22-3432, 2022 WL 21770464 (8th Cir. Dec. 14, 2022); Ash v. Wisconsin, No. 21-cv-317, 2021 WL 3809912, at *3 (W.D. Wis. Aug. 26, 2021) (dismissing complaint); Ash v. Pulaski City State Patrol, No. 3:21-cv-781, 2021 WL 2948819, at *2 (S.D. Ill. July 14, 2021) (dismissing complaint); Ash v. Minnesota, No. 21-cv-1143, 2021 WL 2289738, at *2 (D. Minn. May 19, 2021) (dismissing complaint without prejudice), aff'd, No. 21-2232, 2021 WL 6339634 (8th Cir. July 13, 2021), cert. denied, No. 21-6165, 142 S. Ct. 799 (U.S. Jan. 10, 2022). In her complaint filed in this court, plaintiff states: "Pro Se Davenell Ash has maintained the same statement in each complaint with a multitude of extenuating circumstances too numerous to mention and actions committed by law enforcement under the color of law." Plaintiff also claims that the District of Minnesota is the location in which she believes that she was kidnapped and forced to undergo a blood draw.

"judicial misconduct, intentional delay, conflict of interest, unaccountability and plausible denial of the federal weaponization system."

As indicated above, on March 7, 2024, defendant filed a motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Defendant argues the "[p]laintiff has identified only one money-mandating source of substantive law—28 U.S.C. [sic] 1495—but she has not satisfied the jurisdictional prerequisites for bringing a claim pursuant to section [ 28 U.S.C. §] 1495." (alterations added). Defendant argues that it is unclear what "conviction or imprisonment plaintiff is challenging," and, furthermore, plaintiff fails to "allege that she was pardoned" or that she was "pardoned upon the stated ground of innocence and unjust conviction." Additionally, defendant argues that plaintiff does not "comply with statutory requirements requiring proof of the facts 'by a certificate of the court or pardon,'" and, therefore, plaintiff's complaint "complaint must be dismissed to the extent it is premised upon section 1495." Defendant continues: "Apart from section 1495, the other sources of law plaintiff relies upon are not money mandating. Accordingly, her complaint must be dismissed. For this reason, defendant argues that the plaintiff has failed "to allege any basis for this Court to exercise its jurisdiction" over plaintiff's claims and "[t]he complaint must be dismissed." (alteration added).

On April 12, 2024, plaintiff filed a response to the defendant's motion to dismiss, but did not address any of the arguments raised by defendant. Instead plaintiff offers comments such as the following:

The FBI obtained the needed falsified information to secure placement on the terrorist watchlist from the Duluth police dept and the unnamed judicial officers and the Duluth police dept and unnamed judicial officers secured the false name placement on the terrorist watchlist from the FBI to initiate and maintain extreme invasive surveillance with both state and federal agencies working in unison to continue the illegal inhumane harassment. Plaintiff Davenell Ash has witnessed personally the name placement follow her to over 7 states confirming the intentional harm committed by the negligent actions of the FBI has a nation-wide capacity and impact of severity and was recklessly done to cause long term harm destroying her business, health, reputation, finances, life, relationships and emotional well-being and to cause wrongful death violating 5th, 6th, 13th and 14th civil right amendments given even to immigrants under federal law.

In her response, plaintiff also comments:

The electrical attacks have gradually become more severe with upgraded levels of electricity and by products of electricity and exceedingly violent with the growing need to silence Plaintiff Davenell Ash as a witness with police officers, judicial officers, InfraGard employees, police informants and random perpetrators gathering in and around her home each night for violent interactive recorded military drone attacks as the named and unnamed defendants narrate, direct, moderate, instruct, brag and gloat while operating electrical harassment upon Plaintiff Davenell Ash. Upon

4

rising Plaintiff Davenell Ash is checked over for injury and if none is seen the electrical harassment begins until Plaintiff Davenell Ash has left her home. Plaintiff Davenell Ash is then followed to college where she is received by ground stalkers whom then repeat the same harassment techniques used by all perpetrators to include bright lights on vehicles, car alarms started when arriving or leaving. Perpetrators exiting cars when the target does. Blocking entrances, public ridicule of loud laughter and pointing, Loud coughing and spitting to suggest death by electrical harassment all being done by white people. The same things are repeated at grocery stores, Walmart, doctors visits etc. The need for court intervention is long overdue and the racially motivated violence and harassment will continue until the death of Plaintiff Davenell Ash or that she will continue to resist which may amount to crime to protect herself.

# D I S C U S S I O N

The court recognizes that plaintiff in the above captioned case is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 575 U.S. 985 (2015). However, "[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.") (alterations added); Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (alteration added)))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro

se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) (first alteration added)))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 578 U.S. 488, 495 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also Me. Cmty. Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the

right to recovery of money damages against the United States." (alteration and omission added)); Olson v. United States, 152 Fed. Cl. 33, 40-41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. Testan], 424 U.S. [392,] 401-02, 96 S. Ct. 948, 47 L.Ed.2d 114 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim–whether it be the Constitution, a statute, or a regulation–does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (alterations added); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Medrano v. United States, 159 Fed. Cl. 537, 542 (2022); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it

is simply a] jurisdictional provision [ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)." (alterations in original)); see also Me. Cmty. Health Options v. United States, 140 S. Ct. at 1327-28. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation . . . ." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." RCFC 8(a)(1), (2) (2023); Fed. R. Civ. P. 8(a)(1), (2) (2024); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) (alteration added); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (alteration in Bell Atl. Corp. v. Twombly)).

In her complaint, plaintiff raises claims primarily against state law enforcement agencies, including "the Superior/Duluth police depts," among others, as well as federal agencies including the FBI and the "NSA/FISA court." In her complaint, plaintiff also

names several individuals who she asserts have participated in the alleged attacks against her, including "Rich Lee, Troy Loeb and Leann Garbano Perry Ojentangust, and Hibbing and Duluth Police dept," "Mr. and Mrs Kelly Hashey, Judge Kelly Thimm. Prosecutor Chad Lalor, Officer Todd Carlson, Roxy (small business operator) and Darcky Laflam and the Superior police dept."

It is well established that the United States Court of Federal Claims lacks jurisdiction to hear claims against private parties or state or local officials, who are not federal employees. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (alteration added) (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))). Similarly, this court does not have jurisdiction over allegations in complaints which raise claims against individuals. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); see also Gulley v. United States, 150 Fed. Cl. at 412 ("Mr. Gulley's Complaint included as defendants a list of other government agencies and officials, including two Executive Branch cabinet members. Such individuals, however, are not proper defendants in this Court, regardless of any potential connection between those officials and the claims at issue." (internal reference omitted)); Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials."); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014) ("This court has no authority to hear claims against private individuals or state entities, including (as in this case) a state police detective or perhaps his police department."); Cox v. United States, 105 Fed. Cl. 213, 216, appeal dismissed, 12-5108 (Fed. Cir. 2012); Reid v. United States, 95 Fed. Cl. 243, 248 (2010) ("The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants."). Therefore, this court lacks jurisdiction to review plaintiff's claims against any of the state officials, local officials, or individuals identified in plaintiff's complaint.

The plaintiff further appears to seek damages for unjust conviction and imprisonment by invoking 28 U.S.C. § 1495, but provides no additional information or evidence as to this claim in order establish her claim for unjust conviction. According to 28 U.S.C. § 1495, if sufficient facts are alleged in a complaint, the required documents must be provided as proof for the United States Court of Federal Claims to have jurisdiction to render judgment upon a claim for damages by a person unjustly convicted of an offense against the United States and imprisoned. See 28 U.S.C. § 1495 (2018). Moreover, 28 U.S.C. § 1495, must be read in conjunction with 28 U.S.C. § 2513. See Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir.

2003) (citations omitted); <u>see</u> <u>also</u> <u>Sanganza v. United States</u>, 164 Fed. Cl. 188, 194 (2023) (citing <u>Jackson v. United States</u>, 162 Fed. Cl. 282, 296-99 (2022)); <u>Redd v. United States</u>, 147 Fed. Cl. 602, 605 (2020) ("However, a plaintiff bringing suit pursuant to 28 U.S.C. § 1495 must satisfy the requirements of 28 U.S.C. § 2513."); <u>Abu-Shawish v. United States</u>, 120 Fed. Cl. 812, 813 (2015) (indicating that to establish jurisdiction in the United States Court of Federal Claims, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(1)).

The statute at 28 U.S.C. § 2513 states:

(a) Any person suing under section 1495 of this title must allege and prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.

(e) The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (2018) (emphasis in original). Specifically, according to the Judge of the United States Court of Federal Claims in <u>Abu-Shawish v. United States</u>, "in order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes." <u>Abu-Shawish v. United States</u>, 120 Fed. Cl. at 813; <u>see also</u> <u>Carpenter v. United States</u>, 118 Fed. Cl. 712, 713 (2014) ("Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that his conviction has been reversed or set aside on the grounds that he is not guilty . . . or that he has been pardoned." (omission in original)). In <u>Humphrey</u>, this court indicated, "[t]hese jurisdictional requirements [of 28 U.S.C. § 1495 and 28 U.S.C. § 2513] are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." <u>Humphrey v. United States</u>, 52 Fed. Cl. at 596 (alterations added); <u>Wood v. United States</u>, 91 Fed. Cl. 569, 577 (2009) (holding that compliance with § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims). Additionally, as noted in <u>Sykes v. United States</u>, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." <u>Id.</u> at 233 (quoting <u>Humphrey v. United States</u>, 52 Fed. Cl. at 597).

Plaintiff, however, has not alleged or provided any evidence that a conviction has been set aside and the court has not been presented any certificate or pardon reflecting her entitlement to proceed in this court with her claim in this regard. Plaintiff does not even address 28 U.S.C. § 2513 in her filings with this court and makes only a single reference to 28 U.S.C. § 1495 in her complaint. Accordingly, this court does not have jurisdiction to hear plaintiff's claim for and compensation for unjust conviction and imprisonment. Moreover, this court does not have jurisdiction to review other federal district court decisions. <u>See</u> <u>Shinnecock Indian Nation v. United States</u>, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court.") (citing <u>Allustiarte v. United States</u>, 256 F.3d 1349, 1352 (Fed. Cir.), <u>cert.</u> <u>denied</u>, 534 U.S. 1042 (2001)).

Plaintiff also has made two allegations which are based on the federal criminal code: "18 U.S. Code § 241 – Conspiracy against rights" and "18 U.S. Code § 242 – Deprivation of rights under color of law," but the complaint does not a specific defendant against whom or which entity these claims are being alleged. Regardless, the United States Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." <u>Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994); <u>see</u> <u>also</u> <u>Khalil v. United States</u>, 133 Fed. Cl. 390, 392 (2017); <u>Cooper v. United States</u>, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (alterations added) (internal citation omitted)); <u>Whiteford v. United States</u>, 148 Fed. Cl. at 122 ("[T]he Court of Federal Claims . . . lacks jurisdiction over criminal acts.") (alterations added); <u>Mendes v. United States</u>, 88 Fed. Cl. 759, 762, <u>appeal</u> <u>dismissed</u>, 375 F. App'x 4 (Fed. Cir. 2009); <u>Hufford v. United States</u>, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); <u>McCullough v. United States</u>,

76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615, reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007). Therefore, any allegations by plaintiff under the federal criminal code must fail for lack of jurisdiction in this court and must be dismissed.

Plaintiff further alleges a "Civil Action for Deprivation of Rights" under 42 U.S. Code § 1983. Claims under 42 U.S.C. § 1983 refer to sections of the Civil Rights Acts, and this court also does not have subject matter jurisdiction over actions arising under the Civil Rights Acts. See Pikulin v. United States, 97 Fed. Cl. 71, 77 ("Plaintiff also cites various provisions of the Civil Rights Acts, including §§ 1981, 1983, 1985, and 1986, as bases for his claim. The court does not possess jurisdiction to entertain claims based on these statutes." (citing Marlin v. United States, 63 Fed. Cl. 475, 476, appeal dismissed, 140 F. App'x 256 (Fed. Cir. 2005), and Anderson v. United States, 22 Cl. Ct. 178, 179 n. 2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991)), appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011); Schweitzer v. United States, 82 Fed. Cl. 592, 595 (2008) ("Likewise, this court does not have jurisdiction over the plaintiffs' civil rights claims brought under 42 U.S.C. §§ 1983, 1985 or 1986 (2000), because it is well-settled that jurisdiction over such claims lies exclusively in the district courts." (citing Stamps v. United States, 73 Fed. Cl. 603, 609-10 (2006) (citing Anderson v. United States, 22 Cl. Ct. at 179)); Marlin v. United States, 63 Fed. Cl. at 476 (stating that this "Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts") (citations omitted)). In sum, any allegations arising under the Civil Rights Acts fail for lack of jurisdiction in this court and must be dismissed.

Additionally, plaintiff alleges violations of the Second, Fourth, Sixth, Eighth, Thirteenth, and Fourteenth amendments to the United States Constitution. To the extent plaintiff's complaint raises due process claims pursuant to the Fourteenth Amendment of the United States Constitution, the United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not possess jurisdiction to consider claims arising under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fourteenth Amendment (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))); see also Smith v. United States, 709 F.3d at 1116 (holding "the law is well settled that the Due Process" clause of the Fourteenth Amendment does "not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006) ("A violation of due process rights . . . does not give rise to a claim for money against the United States in the Court of Federal Claims.") (omission added); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Yates v. United States, 150 Fed. Cl. 128, 135 (2020) (citing LeBlanc v. United States, 50 F.3d at 1028); Whiteford v. United States, 148 Fed. Cl. 111, 121 (2020) (citing Smith v. United States, 709 F.3d at 1116); Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (citing Smith v. United States,

709 F.3d at 1116); Maehr v. United States, 139 Fed. Cl. 1, 3-4 (2018) (stating that Smith v. United States, 709 F.3d at 1114, "remains controlling law today"), aff'd, 767 F. App'x 914 (Fed. Cir.), cert. denied, 140 S. Ct. 49, reh'g denied, 140 S. Ct. 566 (2019); Zainulabeddin v. United States, 138 Fed. Cl. 492, 505 (2018) (citing LeBlanc v. United States, 50 F.3d at 1028); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238. Due process claims "must be heard in District Court." Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012). Accordingly, this court does not have jurisdiction over any due process claims plaintiff may be trying to bring in this court and those claims must be dismissed.

Plaintiff also alleges additional constitution-based violations under the Second, Fourth, Sixth, Eighth, and Thirteenth amendments to the United States Constitution. None of these amendments obligate the United States to pay money damages and, thus, cannot serve as the basis for jurisdiction in the United States Court of Federal Claims. See Jordan v. United States, 128 Fed. Cl. 46, 53 (2016) (holding this court lacks jurisdiction over Second Amendment claims "because the Second Amendment is not money-mandating"); Whittington v. United States, 166 Fed. Cl. 532, 543 (2023) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims." (alteration added) (citing Dupre v. United States, 229 Ct. Cl. 706, 706 (1981))); Deggins v. United States, 39 Fed. Cl. 617, 621 (1997), appeal dismissed, 152 F.3d 949 (Fed. Cir. 1998)); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (quoting Edelmann v. United States, 76 Fed. Cl. 376, 383 (2007)); Pleasant–Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.") (alteration added), appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012); see also Hebert v. United States, 114 Fed. Cl. 590, 595 (2014); Warren v. United States, 106 Fed. Cl. 507, 511 (2012). Therefore, this court lacks jurisdiction over any of the plaintiffs' claims that allege a violation of the Second, Fourth, Sixth, Eighth, Thirteenth or Fourteenth amendments, and they must be dismissed.

Furthermore, to the extent that plaintiff may be seeking to raise claims based on tortious actions, the Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023); Rick's Mushroom Serv. Inc., v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v.

United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961, (1994); Kant v. United States, 123 Fed. Cl. 614, 616 (2015) ("[Plaintiff's] claims for 'conversion' and 'fraud' sound in tort. . . .") (alteration added); Cox v. United States, 105 Fed. Cl. 213, 218 ("[P]laintiffs contend that the United States has engaged in tortious conduct, including harassment and persecution, malfeasance, fraud, abuse, and deception. However, the Court of Federal Claims does not possess jurisdiction to entertain claims sounding in tort." (alteration added)), appeal dismissed (Fed. Cir. 2012); Reid v. United States, 95 Fed. Cl. 243, 249 (2010) (dismissing plaintiff's invasion of privacy claims for lack of jurisdiction); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims."), aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Mendes v. United States, 88 Fed. Cl. 759, 762 (plaintiff's claim for invasion of privacy is a tort claim over which this Court lacks jurisdiction); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009). To the extent that plaintiff asserts claims sounding in tort, such claims are not within the jurisdiction of this court and must be dismissed.

## C O N C L U S I O N

For the foregoing reasons, none of the frivolous claims raised by the plaintiff are within the jurisdiction of this court. Defendant's motion to dismiss plaintiff's case is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Opinion.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**